## STATE ex MACK v HEUCK

Ohio Appeals, 1st Dist, Hamilton Co

Decided April 10, 1933

Frank F. Dinsmore, Floyd C. Williams, Bert H. Long and Henry B. Street, Cincinnati, for plaintiff.

Louis J. Schneider, prosecuting attorney, and Walter M. Locke, Cincinnati, for defendant.

John W. Bricker, attorney general, L. F.

238

Laylin and Joseph C. Ralston, Columbus, amicus curiae.

KLINGER, J, (3rd Dist) and MIDDLETON and MAUCK, JJ, (4th Dist) sitting.

MAUCK, J.

The plaintiff argues that the act relied upon by the defendant is unconstitutional for certain reasons urged. We are not impressed by this argument and do not deem it necessary to discuss the question in view of the finding later expressed herein. The sole question then before us is whether the act of October, 1932, became effective "during" the term of office of the plaintiff and is therefore ineffective under §14, Article IV, of the Constitution.

If the act in question became effective on January 1, at the same moment the plaintiff's term of office began, the change in compensation in our judgment was not made "during" the term of the plaintiff's office and the demurrer should be sustained. If for any reason the law did not become effective until after January 1, the demurrer should be overruled.

Under the original provisions of Article II, §17, of the Constitution a bill passed by the General Assembly became part of the law of the state on the day when it was signed by the presiding officer of the Senate. **State v O'Brien, 47 Oh St 464.** This rule was changed in 1903 when the veto power was conferred upon the Governor. The bill then became a law upon the approval of the Governor or in case he neither approved or disapproved it, it became a law "within" ten days after being so presented. Under this provision it was held in **Patterson Foundry Machine Co. v Miami River Power Co., 99 Oh St 29,** that the bill under the latter circumstances became a law on the tenth day after its presentation to the Governor. This rule likewise was superseded by the Constitutional Amendment of 1913, amending **Article II of the Constitution** by amending and supplementing **§1 of Article II,** setting up the initiative and the referendum. The first sentence of §1-C of that article reserves the power of referendum. As an incident to that reservation the second sentence reads as follows:

"No law passed by the General Assembly shall go into effect until ninety days after it shall have been filed by the Governor in the office of the Secretary of State, except as herein provided."

In the first paragraph of the syllabus in **Elder v Shoffstall, 90 Oh St, 265,** the Supreme Court indicates that an act passed February 6, 1913, became effective May 14, 1913; that is to say, upon the ninetieth day after the passage of the law, the court observing in the body of the opinion that the "law did not become effective until ninety days after it had been filed in the office of the Secretary of State," indicating that the court had in mind the provision in the Constitution just quoted.

The third sentence of §1-C, however, provides as follows:

"When the petition, signed by six per centum of the electors of the state and verified as herein provided, shall have been filed with the Secretary of State within ninety days after any law shall have been filed by the Governor in the office of the Secretary of State * * *."

such law shall be submitted to the electors. This language seems clearly to give the electors all of the ninetieth day after the passage of the act in which to file petitions for a referendum, and it would seem clear that the law was not effective until after

the close of the ninetieth day. The Supreme Court in **State ex v Edmondson, 89 Oh St 93, 100,** took that view of a statute then under consideration. The court then considering the right of referendum said:

"While some parts of this law were subject to this provision of the Constitution, yet after the expiration of ninety days it became a vital and existing law of the state."

In **Miami County v Dayton, 92 Oh St 215,** the Supreme Court in the tenth paragraph of the syllabus says that an act of the General Assembly not made an emergency act became a vital act of the General Assembly "at the end of the ninety day referendum period." In **State ex v Donahey, 94 Oh St 382,** the Supreme Court says that an act subject to the referendum "did not go into immediate effect but remained inchoate until the expiration of ninety days after the same was filed in the office of the Secretary of State."

Many cases are cited us where courts have referred to an act as taking effect on a given day which by court proves to have been the ninetieth day after such act was filed with the Secretary of State. One of the cases so cited is **Halliday v Marchington, (O. L. B. & R., Mar. 27, 1933), 44 Oh Ap, 132.** Of this opinion we can speak with some freedom. The exact date within a month and more was of no consequence in the decision of that case. The writer of that opinion identified the act under consideration as effective July 10, 1925, because it had been so identified by Marshall, CJ, in **Board of Education v Cox, 117 Oh St 406,** where the exact date was also inconsequential. If the writer had had before him Throckmorton's Code of 1930 instead of Volume 117 of the Supreme Court reports he would have identified the act as effective July 11 instead of July 10. We are convinced that the other citations of the same character are predicated upon mere identifications of a given act without occasion arising for a judicial determination of the exact period during which an act remains inchoate for the purpose of the electors availing themselves of their reserved right of referendum. So it is that we feel at liberty to exercise an independent judgment because it appears to us clear enough that the Supreme Court has not clearly and decisively determined the exact date on which a law becomes effective in a case where exactness was required.

If there is any conflict in the two sentences quoted from §1-C, of Article II, in that the first sentence adverted to in the Elder case as permitting an act to go into effect on the ninetieth day after its filing and the subsequent sentence reserving to the electors ninety full days in which to file petitions, we would hold that the latter provision must prevail because the sole purpose of amending and supplementing §1 of Article II was not to provide when an act should go into effect but was to reserve to the people the power of referendum, and when that power was reserved for ninety full days after the passage of the law an act could not have become effective until the succeeding or ninety first day.

Excluding the 3rd day of October, when this bill was passed, the electors had ninety full days in which to file petitions. The first of such days was October 4 and January 1, 1933 was the ninetieth day, and the period for the referendum was not closed in the language of the Supreme Court in Miami County v Dayton, at least until the end of this ninety day period, which was the beginning of January 2.

If we are wrong in this view, however, still the instant act did not become effective until January 2, and if we are right in the foregoing it did not take effect until January 3. This is because the ninetieth day after the passage of the statute in question fell on Sunday. There is, of course, no essential reason why a law should not begin to function on Sunday. We are considering, however, a constitutional provision that reserved to the people a ninety day period within which to file petitions in referendum with the Secretary of State. If we are governed by the common law rule as generally construed such petitions as to the instant act would have been required to have been filed by the close of the eighty ninth day, as we know there would be no possibility of filing them in the office of the Secretary of State on Sunday, the ninetieth day. Ohio has clearly departed from the common law rule in this particular, and so far as its legislature and courts can do so has determined that when one has a given time within which to exercise a right such right shall be extended an extra day rather than restricted one day when the last day for such exercise falls on Sunday. Specific statutory provisions to this end were made for particular rights, including those rights relating to the code of civil procedure. As developed in Nieswander v Brickner, infra, the limitations in this statute were later removed so that it now reads:

"Sec 10216 GC. Unless otherwise specifically provided the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

Clearly the rule fixed by the statute would compel the conclusion that petitioners for a referendum for the act in question had not only all of January 1 but all of January 2 in which to file and that the law was not effective until after the last moment of January 2. It would be absurd, of course, to suggest that the statute controls the constitution or that it enlarges or diminishes the constitutional right to a referendum. A constitutional provision is, however, to be construed as statutes are, to the end that the intent of those drafting and voting for it be realized. The statute in question was in force when the constitutional provision was formulated and it expressed the policy of the state then prevailing. The Supreme Court in **DeCamp v Archibald, 50 Oh St 618, 625**, said:

"It is a rule of general application that words used in a constitution are to be interpreted with reference to the usages and customs of the country at the ime of its adoption. It will be presumed to have been adopted by the people with the understanding of its terms derived from such sources."

The intention of those responsible for the constitutional provision under review, therefore, must be drawn from the usages and customs then prevailing. That policy was expressed by §10216 GC to the effect that where a right would otherwise expire on a given day it would continue for an additional day if the given day were a Sunday. As Judge Allen puts it in **Nieswander v Brickner, 116 Oh St 249, 257**, this right is not confined to any particular class of rights nor to acts.

"under the statutes generally, but should be construed as a general provision relating to all acts required and permitted by law to be done within a time certain."

We conclude that the act in question did not become effective until two days after the plaintiff's term of office had begun.

The demurrer is overruled and if the defendant does not desire to further plead the writ prayed for is awarded.

Demurrer overruled.

KLINGER and MIDDLETON, JJ, concur.